IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                           CIVIL NO. 08-493 JB/LFG
                                                                      CRIM. NO. 07-1050 JB

MANUEL GUERRERO-MARQUEZ,

    Defendant-Movant.

**MAGISTRATE JUDGE'S FINDINGS
AND RECOMMENDED DISPOSITION**[1]

**Findings**

    1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Movant Manuel Guerrero-Marquez ("Guerrero-Marquez") challenges the conviction and sentence entered by the United States District Court for the District of New Mexico in United States v. Guerrero-Marquez, No. CR 07-1050 JB.

Factual and Procedural Background

    2.  Guerrero-Marquez was arrested on January 22, 2007 upon a criminal complaint alleging that he violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) by knowingly possessing with intent to distribute 1 kilogram or more of heroin. On January 23, 2007, attorney Floyd W. Lopez was appointed under the Criminal Justice Act to represent Guerrero-Marquez. On May 23, 2007,

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Guerrero-Marquez appeared before the Court on a change of plea hearing. On that date, Guerrero-Marquez pled guilty to an Information charging him with violation of the above statutes.

3. In the Plea Agreement [Doc. 20 in CR 07-1050][2] signed on May 23, 2007, Guerrero-Marquez stated he thoroughly reviewed all aspects of the case and was fully satisfied with his attorney's legal representation. He stated further that he understood his right to proceed to trial and to confront witnesses against him but agreed to waive these rights and plead guilty to the information. He understood that he faced a minimum sentence of ten years with a maximum of life imprisonment, plus fines and a term of supervised release. He understood that he was eligible for "safety valve" treatment if the record showed one or fewer criminal history points as determined under the Sentencing Guidelines. He admitted that there was a factual basis for each element of the crime. [Id., at 1-4].

4. The Plea Agreement also set forth certain stipulations as to calculation of a sentence under the advisory sentencing guidelines, including a base offense level of 32, with a reduction for being a minor participant and a further reduction for acceptance of responsibility. The parties agreed that a sentence at the low end of the advisory guideline range was appropriate. [Id., at 4-5]. Guerrero-Marquez waived his right to appeal any sentence within the applicable statutory range, "except on the ground of ineffective assistance of counsel." [Id., at 6].

5. Guerrero-Marquez further asserted that his guilty plea was freely and voluntarily made and was not the result of force, threats, or promises aside from promises set forth in the Plea Agreement. [Id., at 7]. The Agreement was signed by Guerrero-Marquez, his attorney, and counsel

---

[2]Documents filed in the underlying criminal case, United States v. Guerrero Marquez, CR 07-1050 JB, will hereinafter be cited in the format, "CR Doc. ___." Those filed in the instant civil action, Civ. 08-493 JB/LFG, will be cited simply, "Doc. ___."

for the Government.

6. Guerrero-Marquez was sentenced on October 18, 2007. Prior to the sentencing hearing, Guerrero-Marquez's attorney filed a Sentencing Memorandum [CR Doc. 26], in which he requested that the Court impose a sentence substantially less than that within the advisory guideline range. Counsel set forth Guerrero-Marquez's personal history and noted that his agreement to act as a "mule" for transportation of a controlled substance was aberrant behavior and he had no prior criminal history. He urged the Court to apply a downward departure for aberrant behavior and "minimal participant," and further to impose a sentence outside the guideline range by considering the factors set forth in 18 U.S.C. § 3553(a), as directed in United States v. Booker, 543 U.S. 220 (2005). [CR Doc. 26, at 2-5].

7. The Government submitted a Response [CR Doc. 29] to Guerrero-Marquez's Sentencing Memorandum, arguing vigorously that the sentence as calculated in the presentence report was within the guideline range and was the appropriate sentence under the facts of this case. The Government argued that it had already agreed to substantial concessions in that it was recommending a safety valve reduction, in spite of the fact that Guerrero-Marquez was not particularly forthcoming with information about his co-conspirators, with the result that Guerrero-Marquez was relieved of the statutory minimum sentence of 120 months.

8. In addition, the Government noted that it agreed to an adjustment for "minor role" as set forth in the Plea Agreement, even though such a role adjustment was really not warranted under the facts. The Government also agreed to decrease the offense level for acceptance of responsibility. [CR Doc. 30]. Further concessions under § 3553(a), the Government argued, could not be justified. The Government stated that it would not oppose a sentence at the low end of the guideline range of 46-57 months. [CR Doc. 29].

9. At the sentencing hearing on October 18, 2007, Guerrero-Marquez's attorney presented the factual basis underlying the stipulation for a two-level reduction based on role adjustment and argued in support of Guerrero-Marquez's request for a variance. United States District Judge James O. Browning accepted the parties' stipulation regarding reduction for role adjustment, and granted the requested reduction based on acceptance of responsibility, but rejected Guerrero-Marquez's argument for further reductions. Judge Browning adopted the factual findings as set forth in the presentence report. He imposed a sentence of imprisonment of 46 months, at the low end of the applicable guideline range. [*See* CR Doc. 34].

10. Judge Browning filed the Judgment [CR Doc. 35] on December 13, 2007, along with a Memorandum Opinion and Order [CR Doc. 33] addressing the arguments presented in Guerrero-Marquez's Sentencing Memorandum. In this Order, Judge Browning explained in detail why he was denying Guerrero-Marquez's requests for downward departure based on aberrant behavior, the request to find that Guerrero-Marquez was a "minimal participant," and the request to depart substantially from the advisory guideline sentence under Booker and 18 U.S.C. § 3553(a). [CR Doc. 33].

11. Guerrero-Marquez did not file an appeal. On May 20, 2008, he filed this Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Government filed a Response [Doc. 9] to the Motion to Vacate, asking the Court to deny the Motion and dismiss the case. No Reply was filed. The Motion is now fully briefed and ready for ruling. The Court finds that no evidentiary hearing is necessary.

Discussion

12. Guerrero-Marquez states only one ground for habeas relief: that "I was not represented acordinly [sic] by my attorney." [Doc. 1, at 4]. As a basis for this allegation, Guerrero-Marquez

states that he believes his attorney did not adequately represent him, did not bring up sufficient arguments concerning his case, and did not bring up his lack of prior convictions. [Id.]. Guerrero-Marquez does not supply any further basis for his § 2255 Motion. The relief requested is that his sentence be reduced.

13. The Court interprets liberally Guerrero-Marquez's *pro se* pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). It appears that Guerrero-Marquez intends to raise ineffective assistance of counsel at sentencing as the basis for his habeas petition and contends that he would have received a lighter sentence if his attorney had brought further or different arguments concerning his case, and had pointed out his lack of prior convictions. Guerrero-Marquez does not challenge his conviction nor argue that the guilty plea was involuntary.

14. To establish ineffective assistance of counsel, Diaz must make a two-pronged showing; (1) that counsel's performance was constitutionally defective; and (2) that the deficient performance prejudiced his defense in that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, Diaz must overcome the presumption that counsel's conduct was constitutionally effective. Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998). Scrutiny of counsel's performance must be "highly deferential" and must avoid the distorting effects of hindsight. Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995). In order to be found constitutionally ineffective, counsel's performance must be shown to have fallen below an objective standard of reasonableness. Strickland, at 687-88.

15. In addition, the burden is on petitioner to show prejudice – that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694. The requirement that a petitioner show that he was

prejudiced by counsel's errors is applicable to alleged errors or omissions occurring in the sentencing context.  United States v. Cox, 83 F.3d 336, 340-341 (10th Cir. 1996); United States v. Black, 44 Fed. Appx. 368, 369 (10th Cir. 2002) (petitioner must establish that he would have received a lighter sentence but for counsel's errors in the sentencing phase); United States v. Romero-Gallardo, 113 Fed. Appx. 351, 354 (10th Cir. 2004) (petitioner must show that, but for counsel's errors, the result of the sentencing proceeding would have been different).

16.  Without either the safety valve or the minor-role adjustment, Guerrero-Marquez's guideline sentence would have been 87-108 months, with an actual sentence imposed of at least ten years under the statutory minimum.  In the Plea Agreement, the Government agreed to recommend a minor-role adjustment, even though the United States Probation Office found that such an adjustment was not warranted.  In addition, the Government "recommend[ed] the 'safety valve' for him, even thoug[h] his debriefing was less than forthcoming."  [CR Doc. 29, at 1-2].  These results indicate that Guerrero-Marquez's counsel negotiated terms which resulted in a substantially shorter sentence than he would have received without counsel's advocacy.

17.  In addition, Guerrero-Marquez's counsel attempted to achieve even further reductions, based on arguments of aberrant behavior, minimal participant, and the factors listed in 18 U.S.C. § 3553(a).  [CR Doc. 26].  At the sentencing hearing, counsel acknowledged that his client was, in fact, not eligible for the aberrant behavior adjustment; he therefore withdrew his request for a downward departure on this basis but asked that the arguments with respect to aberrant behavior be considered as part of the Booker arguments.  [*See*, CR Docs. 33, at 7; 34].  The sentencing judge did not find persuasive counsel's arguments for any further reductions, noting that "the reality is that the Court has arrived at a guideline sentence that is highly favorable to Guerrero-Marquez."  [Doc. 33, at 16].  The Court concluded that the advisory guideline sentence, as calculated in the

presentence report and negotiated by the parties, accurately reflected the § 3553(a) factors, and that Guerrero-Marquez's personal circumstances warranted imposing a sentence at the bottom of the guideline range but did not justify any further reduction based on Booker.  [Id., at 18].

18.  The comments by the Government and the Court, to the effect that Guerrero-Marquez received several concessions which resulted in substantial benefit in the form of a lowered sentence, imply that counsel was effective in advocating Guerrero-Marquez's cause.  And even if the advocacy had been deficient, Guerrero-Marquez cannot show that he was prejudiced by anything his counsel did.  He faced a potential term of imprisonment of ten years to life and received a sentence of 46 months.  Counsel attempted to reduce that term even more.  Although the attempt was unsuccessful, that does not establish ineffective assistance.  "Neither vigor nor skill can overcome truth.  Success is not the test of effective assistance of counsel."  Johnson v. United States, 380 F.2d 810, 812 (10th Cir. 1967).

19.  Finally, Guerrero-Marquez asserts that his attorney failed to bring up the fact that he did not have any previous convictions. [Doc. 1, at 4].  This is factually incorrect.  In the Sentencing Memorandum, filed two weeks prior to the sentencing hearing, defense counsel noted that Guerrero-Marquez had no criminal history.  [Doc. 26, at 3, 4].  Furthermore, the presentence report included the information the Guerrero-Marquez had no criminal history, and this fact was taken into account in the sentence calculation.  The Court was aware that Guerrero-Marquez had no criminal history [*see* Doc. 33, at 2], as was the Government [*see* Doc. 27, at 4].  There is no ground for finidn ineffective assistance based on a failure to raise the issue of  lack of previous convictions.

## Conclusion

20.  Guerrero-Marquez fails to establish that he was prejudiced by any action taken by his attorney in connection with sentencing; rather, it is apparent that counsel's advocacy on Guerrero-

Marquez's behalf resulted in substantial benefit to his client.  Failure to show prejudice is fatal to a claim of ineffective assistance.  "Sheer speculation" that counsel might have done something different, which would have led the Government to agree to a shorter sentence, "does not rise to the level of a constitutional claim."   Romero-Gallardo, at 354.

## Recommended Disposition

That the Motion to Vacate be denied and the case be dismissed with prejudice.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge